IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| TAIWAN M. DAVIS, | ) |  |
|---|---|---|
|  | ) |  |
| **Plaintiff,** | ) |  |
|  | ) |  |
| vs. | ) | Case No. 18-cv-519-JPG |
|  | ) |  |
| LT. CRANMER, | ) |  |
| SGT. COLE, | ) |  |
| OFFICER COOK, | ) |  |
| OFFICER PHILLIPS, | ) |  |
| OFFICER ROSS, | ) |  |
| OFFICER HAWKINS, | ) |  |
| and OFFICER SNYDER, | ) |  |
|  | ) |  |
| **Defendants.** | ) |  |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is currently incarcerated at the Alton City Jail ("the Jail"). He originally brought his claims in a joint action filed on October 10, 2017, with several other Alton inmates, *Pasley, et al., v. Crammer, et al.*, Case No. 17-cv-1085-JPG. After the original Complaint was dismissed, Plaintiff filed an individual Complaint on February 8, 2018. (Doc. 2). In it, he asserts that he was denied access to legal material, and was thus unable to file a motion in his criminal case. Plaintiff's claims were severed into this action on March 1, 2018. (Doc. 1). The case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.

1

28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claim survives threshold review under § 1915A.

### **The Complaint**

Plaintiff's claim focuses only on Count 3 of the original action, which the Court described as follows:

Defendants denied Plaintiff access to the courts in violation of the First Amendment. (Doc. 29 in *Pasley, et al., v. Crammer, et al.*, Case No. 17-cv-1085-JPG).

Plaintiff states that he is a federal prisoner. (Doc. 2, p. 1, Doc. 2-1). The Jail does not have a law library, so at some point Plaintiff was informed that the correctional officers would provide him with legal materials "through request." (Doc. 2, p. 1). However, after a "short period," officers stopped accepting requests for legal material and case law. *Id.* Plaintiff alleges that Cranmer and Ross told the Jail's correctional officers not to give out case law material. *Id.*

Plaintiff attaches an "Alton Police Department Federal Prisoner Grievance Procedure Form" dated October 12, 2017. (Doc. 2-1). Plaintiff talked to Phillips about obtaining legal case law. Plaintiff had requested case law in order to oppose a "stay" that was filed by the Assistant U.S. Attorney in Plaintiff's criminal case. *United States v. Davis*, Case No. 17-cr-30055-NJR (S.D. Ill.). (Doc. 2, p. 5; Doc. 2-1). Phillips told Plaintiff that he would have to do his own personal investigation in order to give Plaintiff a copy of a case. Phillips never provided Plaintiff with the requested case, even though Plaintiff told Phillips that his head Defense Counsel gave permission for Plaintiff to have it. Based on this denial, Plaintiff claims that Phillips denied him access to prepare a motion under Rule 3(c) for a Section 2255 proceeding. (Doc. 2-1).

Plaintiff seeks nominal, compensatory, and punitive damages. (Doc. 2, p. 6). He also requests an injunction to remove him from the Jail. *Id.*

**<u>Merits Review Pursuant to 28 U.S.C. § 1915A</u>**

Based on the allegations of the Complaint, the Court finds it convenient to characterize this *pro se* action in a single count, and for clarity, will maintain the number assigned to this count in the original action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The

designation of this count does not constitute an opinion as to its merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

**Count 3:** Defendants denied Plaintiff access to the courts in violation of the First Amendment.

This claim shall proceed for further consideration against some of the Defendants.

### Count 3 – Denial of Access to the Courts

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). The Seventh Circuit has stated that "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *see also Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). This requires Plaintiff to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007). An allegation that a defendant acted deliberately in causing a prisoner to miss a deadline or otherwise lose the opportunity to pursue his claim in court is sufficient to support a civil rights claim. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004) (discussing *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986)); *Harrell v. Cook*, 169 F.3d 428, 432 (7th Cir. 1999).

In Plaintiff's case, he has identified a particular issue in his criminal case that he was unable to contest – the imposition of a stay which delayed his sentencing. Plaintiff claims that because he was denied the opportunity to review the case law he requested, he was unable to prepare a motion in the criminal case.

An examination of this Court's docket in Plaintiff's pending criminal case (No. 17-cr-

30055-NJR) discloses that on August 21, 2017, the Government filed a motion to stay the criminal proceedings until the United States Court of Appeals for the Seventh Circuit issued a decision in *United States v. Teague*, Appeal No. 17-1725. (Doc. 19 in criminal case). Plaintiff had already entered a guilty plea to distribution of a controlled substance, and was awaiting sentencing. At issue in *Teague* was whether a conviction for second degree murder in Illinois state court would be considered a "crime of violence" that would trigger an enhanced federal sentence under USSG § 4B1.2. The outcome of that appeal would directly affect Plaintiff's potential sentence, because Plaintiff has a prior Illinois conviction for Second Degree Murder. *Id.* In the motion, the Assistant U.S. Attorney noted that he had "consulted with" Plaintiff's defense counsel (David Brengle, Esq.), and counsel "does not oppose this Motion." (Doc. 19, p. 2, in criminal case). The motion to stay was granted on August 22, 2017, one day after it was filed. (Doc. 20 in criminal case).

On October 2, 2017, Plaintiff's defense attorney filed a motion for a status hearing, stating that Plaintiff wanted a new attorney and had asked him to withdraw from the criminal representation. (Doc. 21, criminal case). On October 12, 2017, the Court appointed new defense counsel in the matter. (Doc. 24, criminal case).

On March 13, 2018, the Government filed a notice to report that the Seventh Circuit had decided the pending *Teague* case. (Doc. 26, criminal case). As a result, second degree murder in Illinois now qualifies as a "crime of violence" for sentencing purposes under § 4B1.2. The Court then set Plaintiff's sentencing hearing to take place on May 24, 2018. (Doc. 29, criminal case).

At the time Plaintiff claims he wanted to oppose the stay in his criminal case, his then-defense counsel did not object to the motion for stay. According to the Complaint, Plaintiff disagreed with that position. That dispute may have led Plaintiff to request a new defense

5

attorney; in any event, the Court granted his request for new counsel after the stay had been in effect for more than a month. Neither Plaintiff nor his defense counsel ever filed a motion to oppose or lift the stay.

Based on the facts before the Court in this case at this stage, it cannot be said that Plaintiff's plan to oppose the stay in August 2017 in his criminal case was without merit. He plausibly claims that because of the denial of access to legal materials/case law, he was unable to file a motion or otherwise bring his objection to the stay to the Court's attention. It is possible that if Plaintiff had successfully challenged the stay, his criminal case might have come to a swifter conclusion and his detention at the Jail might have been shortened. Plaintiff's Complaint reflects his dissatisfaction with being housed at the Jail. This claim therefore survives preliminary review under § 1915A.

However, the Complaint does not state a claim against all of the Defendants who are listed on the Court's docket sheet. Plaintiff asserts that Phillips denied his request for the case law he needed. (Doc. 2-1). Further, he alleges that Cranmer and Ross gave orders to the officers under their supervision that they should not give any case law material to Plaintiff. (Doc. 2, p. 1). Based on these allegations, **Count 3** may proceed against Phillips, Cranmer, and Ross.

These 3 Defendants are the only adverse parties Plaintiff includes in his Complaint. (Doc. 2, pp. 1-2). It appears that Officers Cole, Cook, Hawkins, and Snyder remained on the docket when this case was severed from the original action, *Pasley, et al., v. Crammer, et al.*, Case No. 17-cv-1085-JPG, based on the initial Complaint filed in that action. Because Plaintiff did not include these individuals in his own Complaint (Doc. 2), the Court concludes that he has abandoned any claims against them. Therefore, Cole, Cook, Hawkins, and Snyder shall be dismissed from this action without prejudice.

**Disposition**

Defendants **COLE, COOK, HAWKINS,** and **SNYDER** are **DISMISSED** from this action without prejudice.

In order for **COUNT 3** to proceed, the Clerk of Court shall prepare for Defendants **CRANMER, PHILLIPS,** and **ROSS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, a copy of the Memorandum and Order at Doc. 1, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 4, 2018**

s/J. Phil Gilbert<br>
United States District Judge